

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-16-2007

# In Re: Etoys Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4308

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"In Re: Etoys Inc " (2007). *2007 Decisions.* Paper 1097.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1097

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-209                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-4308
_____

IN RE: ETOYS, INC.

Debtor,

STEVEN HAAS,

Appellant

_____

On Appeal From the United States District Court
For the District of Delaware
(D.C. Civ. No. 05-cv-00829)
District Judge:  Honorable Kent A. Jordan
_____

Submitted For Possible Summary Action
Under Third Circuit L.A.R. 27.4 and I.O.P. 10.6
April 26, 2007

BEFORE: BARRY, AMBRO and FISHER, <u>Circuit Judges</u>

(Filed: May 16, 2007)

_____

OPINION
_____

PER CURIAM

     Steven Haas, who describes himself as president and sole shareholder of Collateral

Logistics, Inc. ("CLI"), appeals pro se from the District Court's August 30, 2006

dismissal of his appeal from the Bankruptcy Court's October 4, 2005 order in the EToys, Inc. Chapter 11 bankruptcy proceeding. The Bankruptcy Court denied CLI's emergency motion to disqualify the unsecured creditor's counsel because CLI was not represented by an attorney as is required for corporations to appear in federal court. The District Court dismissed Haas's subsequent appeal after finding that he did not have standing to challenge the order denying CLI's motion. Because Haas's appeal to us presents no substantial question, we will summarily affirm the judgment of the District Court.

We are in complete agreement with the District Court's analysis and decision that Haas lacks standing to appeal from the Bankruptcy Court's order. Although the current Bankruptcy Code does not discuss appellate standing, we have recognized that standing is a prerequisite for appealing bankruptcy court orders. In re Dykes, 10 F.3d 184, 187 (3d Cir. 1993). In the bankruptcy context, standing is limited to "persons aggrieved" by an order of the bankruptcy court. Id. at 187-88. Individuals are "'persons aggrieved' if the order diminishes their property, increases their burdens, or impairs their rights." Id. at 188. This standard is more restrictive than the Article III standing requirements, as we require the appellant to be "directly affected" by the order. In re Combustion Eng'g, Inc., 391 F.3d 190, 215 (3d Cir. 2004). Whether a party is a sufficiently aggrieved is a factual matter subject to the District Court's determination. In re Dykes, 10 F.3d at 188. Thus, we review the determination for clear error. See In re Combustion Eng'g, Inc., 391 F.3d at 214 n.19.

As the District Court explained, Haas is not a "person aggrieved" by the

Bankruptcy Court's order because the court denied CLI's, not Haas's, motion. CLI, a corporation, is a legal entity separate from its president and shareholder, and an individual shareholder such as Haas generally may not appeal a judgment against the corporation. See In re Anchorage Nautical Tours, Inc., 145 B.R. 637, 641-42 (B.A.P. 9th Cir. 1992) (following Kauffman v. Dreyfus Fund, Inc., 434 F.2d 727 (3d Cir. 1970), and Alaska law to hold that the sole shareholder and principal of a corporation had no standing to appeal an order against the corporation). As such, only CLI (through counsel) had standing to challenge the Bankruptcy Court's order. See Kauffman, 434 F.2d at 732 ("A stockholder . . . does not acquire standing . . . when the alleged injury is inflicted upon the corporation."). Haas's position as president and status as sole shareholder does not change the outcome. See In re Anchorage Nautical Tours, Inc., 145 B.R. at 641-42.

Nevertheless, Haas contends that he has suffered pecuniary damage and is thus a person aggrieved. According to the Bankruptcy Court's findings in its August 25, 2005 dismissal of CLI's claims, CLI was retained by the Bankruptcy Court to provide transportation and security services in connection with the liquidation of estate inventory. The retention orders required CLI to file applications for payment of its fees and for reimbursement of its expenses. CLI, however, failed to file adequate fee applications and its claims were accordingly not paid. Thus, it appears that any adverse pecuniary effects that CLI (and indirectly, Haas) suffered stem from its failure to comply with the retention orders, not from the order of the Bankruptcy Court at issue, which merely denied CLI's motion to disqualify the unsecured creditor's counsel. CLI's grievances with its

3

circumstances and Haas's grievances against nearly everyone associated with the EToys litigation do not confer standing on Haas.

Accordingly, we will affirm the District Court's order.